IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LANCE L. CHRISTENSON | * | |
| **PLAINTIFF** | * | CIVIL ACTION NO. |
| v. | * | |
| COLUMBUS CONSOLIDATED GOVERNMENT and JEFF MEYER, Individually, and in HIS CAPACITY AS FIRE CHIEF | * * * | JURY TRIAL DEMANDED |
| **DEFENDANTS** | | |

## COMPLAINT

COMES NOW Lance L. Christenson (hereinafter "Plaintiff"), by and through the undersigned, to bring this action pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and avers as follows:

PARTIES

1.

Plaintiff, Lance L. Christenson, is over the age of eighteen (18) and is a resident citizen of Muscogee County, Middle District, Georgia.

2.

Defendant Columbus Consolidated Government (hereinafter "The City") is a municipal corporation organized and existing under the laws of the State of Georgia and is a corporate citizen thereof.

3.

Defendant Jeff Meyer (hereinafter "Meyer") is the Fire Chief of the Columbus Consolidated Government and is and was responsible for establishing and administering City's wage and hour plans, policies and practices for the Fire Department of City at all times material to this Complaint. Upon information and belief, Meyer is a citizen of Georgia and resides in this district. Further, within the rubric of *Lamonica v. Safe Hurricane Shutters*, 711 F.3d 1299 (11th Cir. 2013), Meyer exercises control over Plaintiff's financial affairs.

JURSIDICTION AND VENUE

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.

Venue in the Middle District of Georgia is proper under 28 U.S.C. § 1391(b) in that Defendant City lies situate in this district and a substantial part of the conduct giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

6.

This action is brought by Plaintiff, to recover unpaid overtime compensation as set out in 29 U.S.C. § 207.

7.

Defendant had a uniform policy of not paying overtime compensation to "Fire Investigators" at the required rate of time and one-half until more than one hundred six (106) hours were worked during a two-week pay period. This policy was in effect throughout Plaintiff's employment.

8.

At all times material to this action, Defendant was the "employer" of Plaintiff and others similarly situated within the meaning of 29 U.S.C. § 203(d).

9.

At all times material to this action, Defendant was an enterprise engaged in commerce as defined by U.S.C. § 203(s)(1) of the FLSA.

10.

At all times material to this action, Plaintiff was an "employee" of City as defined by § 203(e)(1) of the FLSA, and worked for City within the territory of the United States within three (3) years preceding the filing of this lawsuit.

11.

At all times material to this action, Plaintiff was directly employed by the Columbus Consolidated Government Fire/EMS, in a capacity as a member of a law enforcement team, as a "Fire Investigator".

12.

City is the official governmental authority responsible for the organization, provision, management and operation of law enforcement with its jurisdiction, including the Fire Investigator team of its Fire/EMS Department.

13.

The services performed by Plaintiff are a necessary and integral part of and directly essential to City's business of providing for public safety and governance.

14.

Defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employees with overtime compensation. Despite this knowledge, Defendant has failed to pay Plaintiff and others similarly situated mandatory lawful overtime compensation in compliance with the FLSA.

15.

Nevertheless, for at least the last three (3) years, the Fire Department has paid its Fire Investigators under the exemption for employees engaged in fire

protection activities provided by 29 U.S.C. § 207(k), and has paid those employees at a rate of one and one-half times the regular rate at which they are employed for all hours in excess of one hundred six (106) hours per two-week pay period.

16.

Plaintiff's duties as a Fire Investigator comport with the requisite statutory and regulatory requirements of personnel engaged in law enforcement activities, 29 C.F.R. § 553.211, so to require the City to pay him overtime compensation, under 29 U.S.C. § 207(k)'s provision related to law enforcement personnel. Owing to the fact that the City of Columbus has adopted a fourteen (14) day pay period, Plaintiff must be paid overtime once eighty-six hours (86) hours are worked. (29 C.F.R. § 553.230).

17.

Plaintiff, until the end of 2016, was a Fire Investigator employed by the City of Columbus in a full-time law enforcement position.

18.

Plaintiff was charged with the responsibility to investigate fires involving loss of life, criminal activity or multiple fire alarms. Plaintiff has graduated from the Columbus Police Academy and had full authority to make arrests without calling the Columbus Police Department.

19.

As a Fire Investigator, Plaintiff was empowered by the State of Georgia and the City of Columbus to: (1) enforce laws designed to maintain public peace and order; (2) protect both life and property from accidental and willful injury; (3) prevent and detect crimes.

20.

In order to perform his job duties, Plaintiff was required to have specialized knowledge above that which firefighters were required to possess.

21.

Additionally, Plaintiff was required to acquire and maintain certification by the Georgia P.O.S.T. (Peace Officer Standards and Training) Commission that entailed academic and skill training, far greater than that of a firefighter.

22.

Still, Defendants continued to classify and pay Plaintiff as a firefighter at attendant overtime.

23.

Defendant has not made a good faith effort to comply with the FLSA.

24.

Defendant has intentionally failed and/or refused to pay Plaintiff in accordance with the provisions of the FLSA.

25.

Defendant has engaged in a uniform pattern and practice of failing to pay Plaintiff and other Fire Investigators in accordance with § 207 of the FLSA.

26.

Defendant has intentionally and repeatedly misrepresented the true status of Plaintiff and the other "Fire Investigators" as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry regarding entitlement to the monies owed.

27.

Plaintiff relied upon these misrepresentations until he determined their true status under the FLSA through the exercise of reasonable diligence arising out of learning, at a course in the Law Enforcement Command College, that the present state of the law, as articulated in *Cremeens v. City of Montgomery, et al.,* 602 F.3d 1224, (11th Cir. 2010), presented and discussed at the course, that persons in his occupational status were entitled to overtime compensation for any time exceeding 86 hours in a two-week period.

28.

Chief Meyer participated in the course before Plaintiff and therefore participated in guided study encompassing *Cremeens*.

29.

As a result of Defendant fraudulently concealing the true status of Plaintiff under the FLSA, the applicable statute of limitations governing this action is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years.  Defendant is estopped from raising such statute of limitations as a bar.

30.

Plaintiff seeks, and is entitled to, all unpaid overtime compensation, an equal amount of liquidated damages and/or pre-judgment interest, and a reasonable attorney's fee, including the costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

COUNT ONE
(29 U.S.C. § 207(a))

31.

Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

32.

At all times relevant to this action, Defendant failed to pay Plaintiff overtime compensation at the statutory rate of time and one-half for all hours worked

between eighty-six (86) and one hundred twelve (112) hours during a pay period, in direct violation of 29 U.S.C. § 207(a).

33.

Plaintiff has suffered damages in the form of unpaid overtime compensation.

34.

As a result of Defendants' violation of 29 U.S.C. § 207(a), Plaintiff seeks, and is entitled to, all unpaid overtime compensation, an equal amount of liquidated damages and/or pre-judgment interest, and a reasonable attorney's fee, including the costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

1. That summons issue and Defendants be served as by law provided;

2. An award of damages in the amount of all unpaid overtime compensation be paid Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

3. An award of reasonable attorney's fees, including the costs and expenses of this action; and

4. Such other legal and equitable relief to which he may be entitled.

5. Plaintiff further demands a trial by struck jury on all issues related to this matter.

Respectfully submitted this 3rd day of February, 2017.

    *s/ John W. Roper*
John W. Roper
Georgia Bar No.: 614159

The Roper Law Firm
The Corporate Center
233 12th Street, Suite 602
Columbus, Georgia 31901
706-596-5353
706-596-5383-fax
johnroper@roperlaw.com