```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | |
|---|---|
| LANCE L. CHRISTENSON, | * |
| Plaintiff, | * |
| vs. | * |
| COLUMBUS CONSOLIDATED GOVERNMENT and JEFF MEYER, *individually and in his capacity as Fire Chief*, | *     CASE NO. 4:17-CV-32 (CDL) |
| | * |
| | * |
| Defendants. | * |
| | * |

## O R D E R

Plaintiff Lance Christenson was employed by Defendant Columbus Consolidated Government ("CCG") as a fire investigator with CCG's Department of Fire and Emergency Medical Services ("Fire & EMS"). Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, CCG did not pay Christenson (or other CCG fire investigators) at the overtime rate until he had worked 106 hours in a two-week pay period. Christenson maintains that he was entitled to overtime pay after working 86 hours in a two-week pay period because his job involved "law enforcement" duties, and the FLSA overtime threshold for law enforcement personnel is 86 hours in a two-week pay period, not 106 hours as applied to personnel engaged in fire suppression. Assuming that Christenson should be treated as a member of law enforcement for FLSA purposes, his claim still fails because the

FLSA exempts agencies from the 86-hour threshold if the agency employs less than five persons with law enforcement duties, as Fire & EMS does. Accordingly, as explained in more detail in the remainder of this Order, Christenson's summary judgment motion (ECF No. 8) is denied, and Defendants' summary judgment motion (ECF No. 9) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

The record reveals the following facts, which are largely undisputed. From February 2013 until January 2017, Christenson was employed as a fire investigator with CCG's Department of Fire and Emergency Medical Services ("Fire & EMS"). Defendant

Jeff Meyer is chief of Fire & EMS, which is an independent law enforcement agency recognized by the Peace Officer Standards and Training Council ("POST"). Fire & EMS is a separate agency from the Columbus Police Department and the Muscogee County Sheriff's Office. In his role as Fire Chief, Meyer manages and oversees Fire & EMS, including approval of fire investigators' schedules.

During the timeframe relevant to the Complaint, Fire & EMS employed no more than three full-time fire investigators, whose job was to determine the causes and origins of fires. Fire investigators gather physical evidence, interview witnesses, and testify in court. Fire investigators must be POST-certified, and they have the power to make arrests. Three full-time fire investigators worked for Fire & EMS during each week. Irions Dep. 45:9-12, ECF No. 14; Christenson Dep. 77:3-16, ECF No. 11. Each full-time fire investigator worked a 24-hour shift and then had 48 hours off. One full-time fire investigator was on duty at a time. Shores Dep. 51:7-10, ECF No. 13. Fire & EMS employed a number of firefighters who were qualified to serve as fire investigators. *Id.* at 26:16-25. Those firefighters are reserve investigators who can fill in when a full-time investigator is out due to illness, vacation, or training, but their main duty is fire suppression. Irions Dep. 14:25-15:6, 44:14-21. Occasionally, if there is a fire that is "particularly complex" or that involves a death, and "one fire

3

investigator would be overloaded with a task that needs to take place quickly on the scene," the fire protection division chief would instruct the fire investigator on duty to let the chief know if he needs help. Shores Dep. 51:17-52:5.

All Fire & EMS personnel have fourteen-day work periods and are paid every two weeks. All Fire & EMS firefighters and fire investigators received premium overtime compensation after working 106 hours in a pay period. It is undisputed that Christenson did not receive time-and-a-half overtime pay until he had worked 106 hours in a two-week period.

At some point, Fire & EMS fire investigators came to believe that they should receive premium overtime compensation after working 86 hours in a pay period, and they raised the issue to Meyer and to Fire Prevention Division Chief Ricky Shores. CCG's human resources department made the decision to continue paying fire investigators premium overtime compensation after working 106 hours in a pay period.

## DISCUSSION

The FLSA requires employers to pay employees the premium rate of time-and-a-half when their workweek exceeds forty hours. 29 U.S.C. § 207(a)(1). There are several exceptions to this general rule, including an exception for public agencies engaged in fire protection and law enforcement. *Id.* § 207(k). Public agencies do not owe overtime to an employee engaged in law

enforcement activities until he works more than 86 hours in a two-week period. 29 C.F.R. § 553.230; *see also* 29 C.F.R. § 553.211 (defining employee "in law enforcement activities"). Public agencies do not owe overtime to an employee engaged in fire protection activities until he works more than 106 hours in a two-week period. 29 C.F.R. § 553.230; *see also* 29 U.S.C. § 203(y) (defining "employee in fire protection activities"). "For those employees who perform both fire protection and law enforcement activities, the applicable standard is the one which applies to the activity in which the employee spends the majority of work time during the work period." 29 C.F.R. § 553.213(b). Finally, public agencies are exempt from the overtime requirements of 29 U.S.C. § 207 for "any employee . . . who in any workweek is employed in fire protection activities or any employee of a public agency who in any workweek is employed in law enforcement activities . . ., if the public agency employs during the workweek less than 5 employees in fire protection or law enforcement activities, as the case may be[.]" 29 U.S.C. § 213(b)(20).

Christenson argues that the evidence establishes, as a matter of law, that he was engaged in law enforcement activities most of the time and that he should have been paid at the

5

premium overtime rate after working 86 hours in a pay period.[1] CCG, on the other hand, contends that even if fire investigators were engaged in law enforcement activities (and not fire protection activities) the majority of the time, the undisputed evidence shows that no more than three employees at Fire & EMS were engaged in law enforcement activities for the majority of the time during any workweek. Thus, according to CCG, the § 213(b)(20) exemption applies as a matter of law. The Court finds that CCG has the better argument.

There is no dispute that Fire & EMS is a public agency that is separate from the Columbus Police Department and the Muscogee County Sheriff's Office. Christenson does not seriously dispute that Fire & EMS employed no more than three full-time fire investigators during a workweek. The Court assumes for purposes of summary judgment that these three employees were "law enforcement employees." Christenson contends that the Court should also count as "law enforcement employees" those firefighters who are qualified to serve as reserve

---

[1] Christenson also appears to argue that the Eleventh Circuit in *Cremeens v. City of Montgomery*, 602 F.3d 1224 (11th Cir. 2010) held that fire investigators perform law enforcement activities within the meaning of 29 C.F.R. § 553.211. It did not. Rather, the Eleventh Circuit was faced with the question whether the district court correctly concluded that the "dual assignment" provision of 29 C.F.R. § 553.213 was rendered obsolete by an amendment to 29 U.S.C. § 203(y). *Id.* at 1228. After concluding that the dual assignment regulation was not obsolete, the Eleventh Circuit remanded the case, directing the district court "to conduct a careful review of whether the plaintiffs meet the regulatory definition of law enforcement activities." *Id.* at 1231.

6

investigators, as well as Chief Meyer and Fire Prevention Division Chief Shores. "In determining whether a public agency qualifies for the section 13(b)(20) exemption, the fire protection and law enforcement activities are considered separately." 29 C.F.R. § 553.200(b). "Thus, if a public agency employs less than five employees in fire protection activities, but five or more employees in law enforcement activities . . ., it may claim the exemption for the fire protection employees but not for the law enforcement employees." *Id.* "No distinction is made between full-time and part-time employees, or between employees on duty and employees on leave status, and all such categories must be counted in determining whether the exemption applies." *Id.*

The dispositive issue is whether the reserve fire investigators, Meyer, and/or Shores are engaged in law enforcement activities. Under the "dual assignment" regulation, "the applicable standard is the one which applies to the activity in which the employee spends the majority of work time during the work period." 29 C.F.R. § 553.213(b). In other words, to be considered an employee "engaged in law enforcement," an employee who has some fire suppression duties

and some law enforcement duties must spend the majority of his time on law enforcement activities.[2]

Christenson did not point to any evidence on how much time Meyer and Shores spent engaged in law enforcement activities. There is certainly no evidence in the present record that they each spent the majority of their time on law enforcement activities. Thus, the Court cannot conclude that Meyer and Shores were engaged in law enforcement activities for purposes of the § 213(b)(20) exemption.

With regard to the reserve fire investigators, the present record establishes that they performed fire suppression tasks *unless* they were called on to fill in as fire investigators. If a reserve fire investigator was not called on to fill in as a fire investigator during a work period, then he was not considered to be engaged in law enforcement activities. Christenson did not point to any evidence that Fire & EMS ever had more than one reserve investigator working predominately as

---

[2] There is also an "80/20" rule under which employees are considered to be "engaged in law enforcement activities" if they spend less than twenty percent of their time on "some nonexempt work which is not performed as an incident to or in conjunction with their law enforcement activities." 29 C.F.R. § 553.212(a). The Court notes that a prior version of 29 C.F.R. § 553.212 also contained rules for employees in fire protection activities, but that portion of the rule was deleted. *See* Updating Regulations Issued Under the Fair Labor Standards Act, 76 FR 18832, 18837 (Apr. 5, 2011). The "20 percent tolerance for nonexempt work for employees engaged in law enforcement activities in section 553.212(a)" remained "in effect." *Id.* Under this regulation, a person "is not considered to be an employee engaged in law enforcement activities" if he spends more than twenty percent of his time on "nonexempt work." *Id.*

8

a fire investigator during any given work period. Without such evidence, the present record does not establish that Fire & EMS had five or more employees engaged in law enforcement activities during a given work period. In fact, the evidence submitted by CCG—which Christenson did not present evidence to contradict—establishes that Fire & EMS did not have five or more employees engaged in law enforcement activities during a given work period. Accordingly, even if fire investigators are considered to be law enforcement employees, the exemption set forth in 29 U.S.C. § 213(b)(20) applies, and Christenson's claim under 29 C.F.R. § 553.230(b) for overtime pay after 86 hours in a work period thus fails.[3]

---

[3] The Court notes that it is sometimes wise to "let sleeping dogs lie." If fire investigators such as Christenson are law enforcement personnel for FLSA purposes, they may not be fire protection employees; and if Fire & EMS employs fewer than five fire investigators, as the Court has found, then an argument can be made that he may not be entitled to any overtime pay, even for hours in excess of 106. *See* 29 U.S.C. § 213(b)(20) (stating that overtime provisions of 29 U.S.C. § 207 "shall not apply with respect to" public agency employees "employed in law enforcement activities . . . if the public agency employs during the workweek less than 5 employees in . . . law enforcement activities"). Thus, CCG's current policy, which pays fire investigators overtime in accordance with the rules applicable to fire protection employees (a 106 hours threshold), may be more generous than what Christenson was legally entitled to receive. But that issue is not presently before the Court, and the Court today does not *hold* that fire investigators are law enforcement employees and not fire protection employees. Rather, the Court accepts Christenson's contention and *assumes* for purposes of this Order that Fire & EMS's three fire investigators are law enforcement employees. Based on that assumption, the Court narrowly holds that the present record establishes that Fire & EMS did not employ enough law enforcement employees to exceed the threshold set forth in the 29 U.S.C. § 213(b)(20) exemption.

CONCLUSION

As discussed above, Christenson's summary judgment motion (ECF No. 8) is denied, and Defendants' summary judgment motion (ECF No. 9) is granted. The pretrial conference scheduled for February 1, 2018 is hereby canceled.

IT IS SO ORDERED, this 24th day of January, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA